**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-50551
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE URIAS-ARIANAS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:08-CR-4-17

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Urias-Arianas pleaded guilty to aiding and abetting the possession of marijuana with intent to distribute. *See* 18 U.S.C. § 2; 21 U.S.C. § 841. He was sentenced to serve 78 months in prison. On appeal he challenges (1) the district court's application of the United States Sentencing Guidelines and (2) his counsel's effectiveness.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We pretermit the issue whether the district court misapplied the Sentencing Guidelines. In his plea agreement Urias waived the right to appeal on all issues other than prosecutorial misconduct and the effectiveness of his counsel. The appeal waiver did not reserve the right to appeal on the basis that the Sentencing Guidelines were misapplied.

A defendant may waive his statutory right to appeal in a valid plea agreement if the waiver is knowing and voluntary. *United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999). The defendant must understand that he has a right to appeal and that he is giving up that right. *United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992). As part of the plea colloquy, a district court must ascertain that the defendant understands any appeal waiver in the plea agreement. FED. R. CRIM. P. 11(b)(1)(N). In determining the validity of an appeal waiver claim, a court ought to consider the defendant's statements made in court under oath. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "[T]he best evidence of a defendant's understanding when pleading guilty is the colloquy closest to the moment he enters the plea." *United States v. Vonn*, 535 U.S. 55, 74 (2002).

At rearraignment, Urias informed the court that he had no type of mental or physical impairment and was not under the influence of narcotics or medication. He acknowledged signing the plea agreement and stated that the signed plea agreement was accurate. He represented that he understood that he was waiving his right to appeal or to collaterally attack his conviction and sentence. He admitted that he had discussed his plea, the facts of his case, and the sentencing process with his counsel. When the court asked if he had questions about the charge or a possible sentence, Urias answered no. He told the court that he freely and voluntarily pleaded guilty to the aiding and abetting charge because he was guilty of committing the crime. He swore that nothing was promised for his guilty plea and that he had not been threatened, coerced, or forced to enter it.

Urias's sworn representations show that his guilty plea was knowing and voluntary, and they are entitled to "a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Urias's appeal waiver is valid. Consequently, it precludes us from considering his claim that the Sentencing Guidelines were misapplied.

Urias also argues that he received ineffective assistance when his trial counsel failed to plead him within the time stipulated in the plea agreement, which Urias claims resulted in his losing the one-level adjustment for acceptance of responsibility. Additionally, Urias contends that his counsel failed to object to the PSR and instead chose to seek a downward departure.

Although Urias's appeal waiver reserved the right to challenge Urias's counsel's effectiveness, that challenge is not properly before us. This circuit's general rule "is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987). We will consider, on direct appeal, claims of inadequate representation only if the record allows a fair analysis of the claims' merits. If the claims cannot be properly evaluated on the record, we must—without prejudice to the defendant's right to raise them in a later proceeding—decline to review them. *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir.), *cert. denied*, 129 S. Ct. 159 (2008).

Urias's instant claims of ineffective assistance of counsel were not presented to or addressed by the district court. Consequently, those claims were not adequately developed before being asserted in this court. We therefore decline to address them in this appeal, but we reserve to Urias the right to raise them in a 28 U.S.C. § 2255 motion. *See Gulley*, 526 F.3d at 821.

AFFIRMED.